Cbabb, J.
delivered the opinion of the Court. The charge of the judge below was not excepted to, and must be presumed in every respect to be correct. So that the only question in this case is, whether the verdict is against evidence, and we clearly think that it is.
The well-settled rule of law is, that to show a waiver of demand and notice, there must be clear and unequivocal evidence. The deposition of Panky is of an indistinct, uncertain character; and the Court think any preponderancy it has is much in favor of there having been no waiver, instead of its affording clear evidence of such waiver.
The only other proof, that of the indorser’s admission, amounts to nothing unfavorable. The judge below, no doubt, charged the jury that there ought to be clear and unequivocal evidence of waiver to charge the defendant in that Court; and, if he did not so charge, we cannot see how he could be satisfied with the verdict. He ought to have granted.a new trial, when probably the testimony of Ragan, who made important proof before the justice, and who does not appear to be dead, might have been had ; and perhaps the personal attendance, or a more explicit statement in writing could bé had from Panky. The Court is mindful of the established doctrine that a revising Court will not reverse a judgment in such a case as this, unless clearly erroneous ; this they believe to be so.
There are some cases where courts have refused to set aside verdicts, on account of the justice of the case having been attained. But we do not believe this doctrine has ever been applied to indorsement cases or cases founded on commercial law, nor do we think it ever ought. It is [78] im *444 possible to tell, in ibis instance, on which side lies the justice of the case. In all such cases the Court knows no distinction between the justice of the case and the law of the case.
Judgment reversed, and cause'remanded for trial de novo.